IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

S'CIE WARD                                                                                          PLAINTIFF

V.                                         4:13CV0660 JM

KRAMER SCHOOL ART LOFT LIMITED
PARTNERSHIP, an Arkansas Limited Partnership,
J. SCOTT GRUMMER, individually and as
Executive Director of DOWNTOWN LITTLE ROCK
COMMUNITY DEVELOPMENT CORPORATION,
DOWNTOWN LITTLE ROCK COMMUNITY
DEVELOPMENT CORPORATION, DOWNTOWN
LITTLE ROCK REDEVELOPMENT CORPORATION,
JOHN SHIVER, individually and as Executive Director
of FIRST CAPITAL RESIDENTIAL, LLC, FIRST
CAPITAL RESIDENTIAL LLC, ARKANSAS
DEVELOPMENT FINANCE AUTHORITY, ALL THE
RIGHT MOVES, INC., THE CITY OF LITTLE ROCK,
ARKANSAS, PAUL ESTERER, TODD ALAN RICE,
AND ROSE MARY EPPERSON                                                                    DEFENDANTS

**ORDER**

Plaintiff, a former tenant of the Kramer School Art Loft, filed suit against the Defendants alleging violation of her rights under 42 U.S.C. § 1982, negligence, conversion, breach of contract and right to quiet enjoyment, implied warranty of habitability[1], violation of the Residential Lead-Based Paint Hazard Reduction Act of 1992 ("RLPHRA") and the Toxic Substance Control Act ("TSCA")[2], and retaliation for filing a HUD complaint. Defendant Arkansas Development Finance Authority ("ADFA") has filed a motion for judgment on the pleadings. Plaintiff has responded to the motion and ADFA has replied. Defendants Downtown

---

[1] Plaintiff's claim for breach of the implied warranty of habitability has been dismissed as to all defendants.

[2] Plaintiff's claim under the TCSA has been dismissed as to all defendants.

Little Rock Community Development Corporation ("CDC"), Downtown Little Rock Redevelopment Corporation ("RC"), Rose Mary Epperson, J. Scott Grummer, and Kramer School Art Loft Limited Partnership[3] have filed a motion for summary judgment. Defendants First Capital Residential LLC ("First Capital"), John Shivers, and the City of Little Rock (the "City")[4] have moved the Court to allow them to adopt this motion for summary judgment as their own motion. The motions to adopt are granted.[5] Plaintiff has responded to the motion for summary judgment and the Moving Parties have replied. For the reasons set forth below, the motions are granted.

    I.    <u>Standard for the Motion for Judgment on the Pleadings Rule 12(c)</u>

Defendant brings this motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). A motion for judgment on the pleadings will be granted "only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir.2001). In evaluating the motion, the Court accepts all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant. *Franklin High Yield Tax-Free Income Fund v. County of Martin*, 152 F.3d 736, 738 (8th Cir.1998) (citing *Lion Oil Co. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir.1996)).

---

[3] The Kramer School was dismissed from this suit by the Court's Order dated June 26, 2015.

[4] Plaintiff's claim of breach of contract against the City has been dismissed.

[5] Defendants Downtown Little Rock Community Development Corporation ("CDC"), Downtown Little Rock Redevelopment Corporation ("RC"), Rose Mary Epperson, J. Scott Grummer, First Capital Residential LLC ("First Capital"), John Shivers, and the City of Little Rock (the "City") will be referred to collectively in this Order as the "Moving Parties."

II.    <u>Standard for the Motion for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the

outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

    III.    <u>Analysis</u>

    A.    <u>Motion for Summary Judgment</u>

    1.    <u>Rule 13 Compulsory Counterclaims</u>

In the Motion for Summary Judgment, the Moving Parties contend that Plaintiff's claims for discrimination under 42 U.S.C. § 1982, breach of contract and right to quiet enjoyment, and retaliation are compulsory counterclaims and should be barred. The Moving Parties argue that the claims should have been brought in the unlawful detainer lawsuit filed by First Capital Management Group, Inc. ("First Capital"), as agent for the Kramer School, against Plaintiff in Pulaski County Circuit Court in 2011.   In the Circuit Court case, First Capital alleged that it had been unable to fix the bat infestation problem in Plaintiff's apartment, that the bats could pose a health hazard, and that Plaintiff needed to move out of the apartment.  Plaintiff filed a counterclaim against First Capital alleging that the bats had ruined her personal property and that First Capital's actions, or inaction, had caused the personal property damage.

    Plaintiff argues that her current claims are not compulsory counterclaims because there is no logical relationship between her claims in this case and the unlawful detainer case.  In fact, she argues that Rule 13 of the Federal Rules of Civil Procedure does not even apply in this case. In the alternative, if the claims are compulsory counterclaims, Plaintiff argues that res judicata does not bar her from bringing them now because she non-suited her counterclaim in the Circuit Court case.

The Court must look to Arkansas law to determine the preclusive effect of prior state court proceedings.  *Harrison v. Springdale Water & Sewer Com'n,* 780 F2d 1422 (8th Cir. 1986).  Rule

13(a)(1) of the Arkansas Rules of Civil Procedure states:

> A pleading shall state as a counterclaim any claim which, at the time of filing the pleading, the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Ark. R. Civ. P. 13. "The purpose for this rule is to require parties to present all existing claims simultaneously to the court or be forever barred, thus preventing a multiplicity of suits arising from one set of circumstances." *First Nat. Bank of DeWitt v. Cruthis*, 100 S.W.3d 703, 707 (2003) (quoting *Linn v. NationsBank*, 341 Ark. 57, 14 S.W.3d 500 (2001)); *see also Estate of Goston v. Ford Motor Co.*, 898 S.W.2d 471, 474 (Ark. 1995) (finding that Rule 13(a) may present a clear bar to a claim even when neither res judicata nor collateral estoppel would preclude it).

The claims stated in the instant case and the Circuit Court case arose from facts surrounding the Plaintiff's residence at the Kramer School Apartments, including the bat infestation, her complaint to HUD regarding her living conditions and the fact that she was removed from the facility by First Capital through a Writ of Possession. In other words, the "claims are inextricably tied to the same transaction." *Cruthis,* 100 S.W.3d at 707.

There is a logical relationship between Plaintiff's claims and the unlawful detainer action. As stated, Plaintiff's counterclaim alleged that the bats had ruined her personal property and that First Capital's failure to inspect the building or respond to complaints were the cause of her property damage. In the instant case, Plaintiff claims that the real reason her bat infestation problem was not remedied was because of her race and in retaliation for her complaint to HUD on September 20, 2011. These claims had accrued at the time Plaintiff filed her counterclaim on November 18, 2011. Further, the addition of third parties to the Circuit Court case would not have

5

caused jurisdictional issues.

Plaintiff argues that Rule 13 does not apply to this case. As authority for this argument, Plaintiff cites *Morsy v. Deloney*, 214 S.W.3d 285 (Ark. App. 2005). In *Morsy*, the Arkansas Court of Appeals reasoned that Rule 13 only applies to "pleadings." *See* Ark.R. Civ.P 13(a). Arkansas Rule 7(a) defines a "pleading" as a "complaint, an answer, a counterclaim, and a reply to a counterclaim. It states that [n]o other pleadings shall be allowed." *Morsy*, 214 S.W.3d at 289. The court explained, "When Morsy petitioned the court in April 2002 to order Deloney to comply with certain obligations under the divorce decree pertaining to A.M., Morsy was not filing a pleading and asserting a claim but rather filing a motion asking the court to enforce a previous order. Rule 13 does not apply, and Deloney was not required to respond with any and all complaints she had against Morsy." *Id*. In the instant case, Plaintiff should have included her claims for discrimination, retaliation and breach when she filed her initial answer and counterclaim on September 18th, and again when she filed an answer to First Capital's Amended Complaint. First Capital did not file a motion to enforce an order as Morsy did. First Capital filed a Complaint and an Amended Complaint to which Plaintiff filed "pleadings" in response, which should have included all of her counterclaims. Rule 13 applies to the instant case. Based upon Rule 13 and the cases cited, Plaintiff's claims of breach, discrimination and retaliation should have been filed as compulsory counterclaims in the Circuit Court case.

Plaintiff claims that even if her claims were compulsory counterclaims, res judicata does not bar them because she non-suited her counterclaim of "breach of contract" in the Circuit Court case. "Our supreme court has clearly held that the nonsuiting of a complaint or a counterclaim prevents the application of res judicata due to the absolute right of a party to nonsuit that is granted under Ark. R. Civ. P. 41." *Pentz v. Romine*, 57 S.W.3d 235, 238 (2001). According to

*Pentz*, Plaintiff's non-suited counterclaim is not subject to res judicata even though it was a compulsory counterclaim.

The Moving Parties argue, and the Court agrees, that Plaintiff's counterclaim in Circuit Court was not for breach of contract. Plaintiff alleged the following in her counterclaim:

COUNTERCLAIM FOR REPLEVIN (MONEY DAMAGES)

That since all of [Ms. Ward's] belongings are still in the apartment because of the hazard that [First Capital] allowed to fester, and those belongings are now completely ruined, [Ms. Ward] seeks a sum of money, to be proven at trial, that will replace her belongings since nothing in that apartment or possibly the entire building is anything but *unsafe* for humans to breathe, touch or be around, which includes all of [Ms. Ward's] personal property, accumulated over a lifetime.

That had [First Capital] inspected the building on a regular basis, [First Capital] would have known of the dangers lurking therein caused by the bats, or if [First Capital] had responded properly to the legitimate complaints about the bats and their excrement, complaints by [Ms. Ward] herein, as well as other tenants of the building, this issue would not have arisen to the point that all of [Ms. Ward's] belongings became contaminated.

(Answer and Counterclaim, ECF No. 91, p. 41-42). This is a counterclaim for replevin. "A replevin action is to recover property." *France v. Nelson*, 729 S.W.2d 161, 163 (Ark. 1987). "Under the Arkansas replevin statute, . . . a party seeking recovery of personal property may obtain from the circuit court . . . a judicial order directing the defendant to appear and show cause why the property should not be returned to the plaintiff." Howard W. Brill, Law of Damages §14:4 (5th ed. 2004). Plaintiff's counterclaim was not a breach of contract claim. Therefore, it is not relevant to the analysis of compulsory counterclaims in this action.

The Court finds that Plaintiff's claims of breach of contract and right to quiet enjoyment, discrimination and retaliation should have been filed as compulsory counterclaims in the Circuit Court case pursuant to Rule 13(a) of the Arkansas Rules of Civil Procedure and, therefore, are barred. The motion for summary judgment of these claims is granted.

2.   RLPHRA

RLPHRA only provides a cause of action for the failure to give proper disclosures regarding lead-based paint delineated in the Act. *Mason ex rel. Heiser v. Morrisette*, 403 F.3d 28, 31 (1st Cir. 2005) ("a violation of [RLPHRA] occurs when the seller or lessor fails to disclose"). The statute of limitations for a RLPHRA claim is four years. 28 U.S.C. § 1658(a). *See also Gross v. Max*, 906 F. Supp. 2d 802, 813 (N.D. Ind. 2012) (The discovery rule does not apply to the statute of limitations for the RLPHRA.). The statute of limitations in this case began to run when the Defendants failed to give Plaintiff the proper disclosures. There is a disclosure requirement exception for "renewals of existing leases in target housing *in which the lessor has previously disclosed all information . . . .*" 40 C.F.R. § 745.101(d) (emphasis added).

The Moving Parties have provided the 1997 lease agreement which shows that Plaintiff was provided with lead-based paint disclosures. Plaintiff continues to argue that she has a claim under RLPHRA because she was not provided disclosures in the lease renewal signed on October 10, 2010 (the "Renewal"). As the Court stated in a previous Order, "If Plaintiff was provided the disclosures at the time of her original lease in 1997, she was not entitled to additional disclosures at Renewal based upon the disclosure exception and she has no RLPHRA claim at all." (ECF No. 124 at p.4). The Court finds that Plaintiff's RLPHRA claim as to all Defendants is barred by the statute of limitations. The motion for summary judgment of the RLPHRA claim is GRANTED.

3.   Negligence and Conversion

Plaintiff alleges that Defendants First Capital, Grummer, and Shiver are liable to her for the actions of Defendant All the Right Moves, Inc. and that First Capital through its agents also negligently handled, destroyed, misplaced, and lost items of Plaintiff's property. Further Plaintiff alleges that these Defendants are liable for the negligent hiring of Defendant All the Right Moves

Inc. The Moving Parties contend that Plaintiff's negligence and conversion claims fail as a matter of law because she waived her right to these claims by allowing her attorney to sign, on her behalf, the Agreed Order for Possession in the Circuit Court case.

After review of the Agreed Order, the Court finds that Plaintiff voluntarily and knowingly waived her right to sue the Moving Parties in connection with any damage to her personal property. She also waived her right to claim that the Moving Parties were negligent in hiring All the Right Moves, Inc. because she explicitly agreed to the hiring of All the Right Moves, Inc. in the Agreed Order.

    B.    <u>Motion for Judgment on the Pleadings</u>

Because the Court has found that the breach of contract claims are barred by Rule 13, the RLPHRA claims are barred by the statute of limitations and the Toxic Substances Control Act claims are dismissed for lack of jurisdiction, Plaintiff has no viable claims against the ADFA. All claims against ADFA are dismissed. ADFA's Motion for Judgment on the Pleadings is GRANTED.

    C.    <u>Remaining State Law Claim</u>

Plaintiff's claim of negligence against Defendant All the Right Moves, Inc. is the only claim remaining in this case. The Court declines to exercise supplemental jurisdiction over it. *See* 28 U.S.C. § 1367(a), (c); *Crest Const. II, Inc. v. Doe,* 660 F.3d 346, 359 (8th Cir. 2011) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

    III.    <u>Conclusion</u>

In conclusion, the motions to adopt and join filed by the City of Little Rock (ECF No.

134) and First Capital and John Shiver (ECF No. 93) are GRANTED. The Motion for Summary Judgment filed by Defendants Downtown Little Rock Community Development Corporation, Downtown Little Rock Redevelopment Corporation, Rose Mary Epperson, J. Scott Grummer, Kramer School Art Loft Limited Partnership, and joined by the City of Little Rock, First Capital, and John Shiver (ECF No. 89) is GRANTED. ADFA's Motion for Judgment on the Pleadings (ECF No. 102) is GRANTED. Plaintiff's negligence claim against Defendant All the Right Moves, Inc. is dismissed without prejudice. The Clerk is directed to close the case.

    IT IS SO ORDERED this 24th day of July, 2015.

                                                      James M. Moody Jr.
                                                      United States District Judge